STATE of Iowa, Appellee,

v.

**Michael Wesley TORNQUIST, Appellant.**

No. 98–677.

Supreme Court of Iowa.

Sept. 9, 1999.

Rehearing Denied Sept. 27, 1999.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan Horvat, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

McGIVERIN, Chief Justice.

Defendant Michael Wesley Tornquist challenges his convictions and sentences for second-degree sexual abuse and indecent contact with a child. Defendant claims error by the district court concerning: (1) admissibility under Iowa rule of evidence 803(4) (hearsay exception for statements made for purposes of medical diagnosis and treatment) of statements made by an alleged victim to a mental health counselor; (2) use of a prior conviction under Iowa Code chapter 709 for enhancement of a sexually predatory offense under Iowa Code chapter 901A (1997); and (3) proper procedure to be followed under Iowa rule of criminal procedure 18(9) concerning enhancement of sentences. Upon our review, we affirm defendant's convictions, but remand for resentencing on the sexual abuse charge.

## I. Background facts and proceedings.

In October 1997, defendant was charged by trial information with second-degree

sexual abuse in violation of Iowa Code sections 709.1(3) and 709.3(2), and indecent contact with a child in violation of Iowa Code section 709.12. These charges were filed in connection with allegations that defendant, age twenty-five, had sexual contact with two sisters, A.H. age ten and her younger sister, T.H. age eight.

Later, the State filed a supplemental trial information which contained allegations identical to those stated in the earlier trial information and added the language that the charge against defendant was a sexually predatory offense pursuant to Iowa Code section 901A.2(3), and that defendant had a prior conviction of a sexually predatory offense, having been convicted in Iowa of third-degree sexual abuse on May 11, 1992. The case proceeded to trial on the charges against defendant concerning second-degree sexual abuse, involving A.H., and indecent contact with a child, involving T.H.

A.H. testified at trial that defendant had improperly touched her both on top of and underneath her clothes, and that she saw defendant improperly touch her eight-year-old sister, T.H., in a similar manner. A.H. testified that these incidents occurred when defendant was babysitting A.H. and T.H. at their father's home.

At trial, over defendant's hearsay objection, the State's witness, Rebecca Kemble, testified about statements that A.H. made to her regarding defendant's alleged touching. Kemble is a licensed social worker and licensed mental health counselor and counseled A.H. concerning problems A.H. was having with nightmares, sleeping and concentrating in school. Kemble testified, that in her opinion, A.H. was suffering from post-traumatic stress disorder. Kemble based her diagnosis on A.H.'s nightmares and the fact that A.H. stated she is frightened of defendant, and that he had threatened to harm her if she told someone about the abuse.

The jury returned verdicts on March 6, 1998, finding defendant guilty of second-degree sexual abuse and indecent contact with a child. The district court entered judgment on the convictions and sentenced defendant.

As to the second-degree sexual abuse conviction, a class B felony, the mandatory maximum confinement period is not to exceed twenty-five years. *See* Iowa Code §§ 709.1, 709.3(2), 902.3, 902.9(1). However, based on its conclusion that second-degree sexual abuse is a sexually predatory offense as defined in Iowa Code section 901A.1(1)(a), and because defendant had been convicted of a prior sexually predatory offense, which was a class B felony, the court, pursuant to the enhancement provisions in Iowa Code section 901A.2(3), sentenced defendant to serve twice the maximum period of incarceration, or not to exceed fifty years. The court also sentenced defendant to prison for a period not to exceed two years for the indecent contact with a child conviction, *see* Iowa Code sections 709.12, 902.3, and 903.1(2), and ordered that the sentences be served consecutively. *See* Iowa Code § 901.8.

Defendant appeals, claiming error by the district court as stated above.

## II. Admissibility of hearsay statements.

### A. Standard of review.

■ Defendant contends the district court committed reversible error by allowing social worker, Rebecca Kemble, to testify over defendant's hearsay objection about statements that A.H. made to her during counseling sessions. Our standard of review concerning the admission of hearsay evidence is for correction of errors of law. *State v. Hallum*, 585 N.W.2d 249, 254 (Iowa 1998), *vacated on other grounds Hallum v. State*, —— U.S. ——, 119 S.Ct. 2335, 144 L.Ed.2d 233 (1999); *State v. Ross*, 573 N.W.2d 906, 910 (Iowa 1998).

### B. Applicable law regarding admissibility of hearsay statements under Iowa rule of evidence 803(4).

Over defendant's hearsay objection, the district court allowed social worker and

licensed mental health counselor, Rebecca Kemble, to testify about statements that A.H. made to her during counseling sessions. The district court concluded that the statements were admissible under Iowa rule of evidence 803(4)'s exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment.

We recently summarized the rules regarding admissibility of hearsay statements in *State v. Hildreth*, 582 N.W.2d 167 (Iowa 1998), as follows:

> Hearsay is a statement, other than one made by a declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Iowa R. Evid. 801(c); *State v. Galvan*, 297 N.W.2d 344, 346 (Iowa 1980). Hearsay is not admissible except as provided by the Iowa Constitution, by statute, by other rules of evidence, or rules of the Iowa Supreme Court. Iowa R. Evid. 802.

*Id.* at 169.

Rule 803(4)'s hearsay exception for statements made for purposes of medical diagnosis or treatment provides in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

"The policy underlying this exception is that a statement made while procuring medical services, when the declarant knows that a false statement could result in misdiagnosis, carries special guarantees of credibility." *Hildreth*, 582 N.W.2d at 169.

We explained in *Hildreth* that "statements made to a social worker in connection with diagnosis or treatment of emotional trauma may fall within the purview of rule 803(4) if the social worker is sufficiently qualified by training and experience to provide that diagnosis and treatment." *Id.* We then examined the record and concluded that it showed that the social workers who testified in *Hildreth* were sufficiently qualified by training and experience such as to provide diagnosis and treatment of the child victim's emotional disturbance. *Id.* We next applied the two-part test established in *United States v. Renville*, 779 F.2d 430 (8th Cir.1985), which we adopted in *State v. Tracy*, 482 N.W.2d 675, 682 (Iowa 1992), for establishing the admissibility of hearsay statements under rule 803(4). The *Renville* test requires:

> [F]irst the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.

*Hildreth*, 582 N.W.2d at 169–70 (quoting *Tracy*, 482 N.W.2d at 681). As we noted in *Hildreth*, the first prong of the *Renville* test concerning the declarant's motive in making the statement is satisfied "where a child's statements are made during a dialogue with a health care professional and are not prompted by concerns extraneous to the patient's physical or emotional problem, real or perceived." *Id.* at 170. We ultimately concluded that the *Renville* test was met and that the child victim's statements made to the social workers, although they were not physicians, were properly admitted pursuant to Iowa rule of evidence 803(4).

**C. Testimony of social worker/mental health counselor.**

Defendant contends the district court erred by allowing Rebecca Kemble

to testify concerning statements that A.H. made during counseling sessions. Defendant contends that *Hildreth* is not controlling because: (1) the record does not show that A.H.'s motive in making the statements was consistent with the purposes of promoting treatment as required under the *Renville* test; (2) A.H.'s statements were made to a social worker, not a physician; and (3) the proper foundation was not established to show that Kemble was sufficiently qualified by training and experience in the area of child sexual abuse to make the diagnosis that A.H. suffered from post-traumatic stress disorder.

The record shows that Kemble is a licensed social worker and licensed mental health counselor and has a masters degree in professional studies with a concentration in art therapy. Kemble first saw A.H. on October 22, 1997. Kemble testified that A.H. had been having nightmares, difficulty concentrating in school and in going to bed. Kemble explained that "bits and pieces" of sexual abuse by defendant were discussed while trying to deal with A.H.'s nightmares and symptoms.[1] Kemble testified that in her opinion, A.H. suffers from post-traumatic stress disorder. Kemble described that a post-traumatic stress disorder diagnosis is made when someone has experienced or been exposed to a traumatic event involving actual or threatened death or serious injury to the person or to others. Kemble stated that sexual assault or touching of a child by an adult in private places could be considered a traumatic or frightening event which could be the cause of post-traumatic stress disorder.

Counsel for the State asked Kemble what startling or traumatic events A.H. had reported to her and defendant's attorney objected on hearsay grounds. Counsel for the State argued that the requested statement was admissible under Iowa rule of evidence 803(4) which allows admission of statements made for purposes of medical diagnosis or treatment. The court

overruled defendant's hearsay objection and allowed the State to question Kemble concerning statements A.H. made to her during counseling sessions which formed the basis for Kemble's diagnosis that A.H. suffers from post-traumatic stress disorder. The following exchange occurred between counsel for the State and Kemble:

Q. [counsel for the State] When you reached the diagnosis of post-traumatic stress disorder, did you base your decision upon statements that [A.H.] made to you about startling or frightful events? A. Yes.

Q. And what was it that she [A.H.] told you that you based your diagnosis upon? A. She told me that Mr. Tornquist had told her some very frightening stories that led her to believe that she would be harmed if she told.

Q. And how does that apply to the diagnosis of post-traumatic stress? A. In combination with a sexual touch by an adult and the threat of harm, for telling that, that would—for telling and the threat that he may do it again if she told creates terror.

Q. Is that the traumatic event? A. Yes.

Upon our review of the record, we conclude that witness Kemble was sufficiently qualified by training and experience to testify about her diagnosis that A.H. suffers from post-traumatic stress disorder due to defendant's alleged sexual touching of A.H. Kemble testified she has worked in the field of counseling for approximately ten years. At the time of trial, Kemble had ten years of experience counseling both adults and children. During that period, Kemble has seen more than one hundred children in her professional capacity and currently sees about twenty children every week.

We also conclude, as we did in *Hildreth*, 582 N.W.2d at 170, that the circumstances surrounding A.H.'s statements to Kemble

---

1. Kemble testified that she had not gone into detail regarding the incidents with defendant, but would ask more detailed questions after trial.

indicated that they were responses in a dialogue initiated for purposes of diagnosis or treatment and that A.H.'s statements identifying defendant as the source of her post-traumatic stress disorder may assist in diagnosis or treatment of that disorder. Additionally, our decision in *Hildreth* disposes of defendant's contention that the statements must be made to a physician.

We therefore conclude that the district court properly allowed Kemble to testify about statements A.H. made during counseling sessions as a basis for Kemble's diagnosis that A.H. suffers from post-traumatic stress disorder and to identify defendant as the perpetrator of the sexual abuse. We affirm on this issue.

### III. Did the district court properly enhance defendant's sentence under Iowa Code chapter 901A?

Defendant also contends that the district court erred by enhancing his sexual abuse sentence pursuant to Iowa Code chapter 901A. Iowa Code section 901A.2(3) provides:

> A person *convicted of a sexually predatory offense which is a felony, who has a prior conviction for a sexually predatory offense,* shall be sentenced to and shall serve twice the maximum period of incarceration for the offense, or twenty-five years, whichever is greater, notwithstanding any other provision of the Code to the contrary. A person sentenced under this subsection shall not have the person's sentence reduced under chapter 903A or otherwise by more than fifteen percent.

(Emphasis added.) Iowa Code section 901A.2 and the other provisions of chapter 901A were enacted in 1996, *see* 1996 Iowa Acts ch. 1082, §§ 3–6, and became effective July 1, 1996. *See* Iowa Code § 3.7 (all Acts take effect on the first day of July following their passage unless otherwise

indicated). Iowa Code chapter 901A contains a notice provision which states:

> Upon conviction for a sexually predatory offense as defined in section 901A.1, the court shall provide *written notice* to the person that the *conviction* meets the *definition of a sexually predatory offense* for the purpose of enhancing *future* punishment for similar offenses.

Iowa Code § 901A.4(2) (emphasis added).

The district court properly concluded that defendant's second-degree sexual abuse conviction under Iowa Code section 709.3(2) in the present case meets the definition of a sexually predatory offense as defined in Iowa Code section 901A.1.[2]

Therefore, pursuant to section 901A.2(3), and based on defendant's alleged prior 1992 conviction, a class B felony, the district court sentenced defendant to serve fifty years or twice the maximum period of incarceration (twenty-five years) for his 1998 conviction for second-degree sexual abuse. According to his reading of the relevant provisions of chapter 901A, defendant contends that the enhancement provisions of section 901A.2 are only applicable to prior convictions occurring on July 1, 1996, the date chapter 901A became effective, or later. Defendant therefore contends that the district court erred by using his 1992 conviction to enhance the sentence for his 1998 conviction for second-degree sexual abuse in this case.

Thus, the question we must decide is whether the enhancement provisions of Iowa Code chapter 901A allow use of a pre-July 1, 1996 conviction to enhance a subsequent conviction for a sexually predatory offense. In other words, we must decide whether the enhancement provisions of section 901A.2 may be applied retroactively so as to allow use of convictions occurring before that section's effec-

---

**2.** Iowa Code section 901A.1(1) states in pertinent part:

As used in this chapter, the term *"sexually predatory offense"* means any serious or

aggravated misdemeanor or felony which constitutes:

a. A violation of any provision of chapter 709.

tive date to enhance a sentence for a later conviction.

Our decision in *State v. Kostman*, 585 N.W.2d 209 (Iowa 1998), provides no assistance concerning whether chapter 901A may be applied retroactively to pre-July 1, 1996 convictions because no such issue was raised by the defendant in that case. Rather, defendant Kostman asserted that only chapter 901A enhancement provisions—not both chapter 901A and chapter 902 enhancement provisions—established the exclusive means to impose sentence for a sexually predatory offense. *See id.* at 212.

■ Our analysis starts with the general rule that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Iowa Code § 4.5; *In re O'Neal*, 303 N.W.2d 414, 419 (Iowa 1981) ("if the statute relates to a substantive right, it is usually only applied prospectively").[3] In addition, "[w]e presume that all statutes the legislature enacts are to apply prospectively; that is, they are to apply only to actions which arise after the effective date of the statute, unless the legislature expressly indicates they are to apply retroactively." *Frideres v. Schiltz*, 540 N.W.2d 261, 264 (Iowa 1995).

■ Applying these principles, and examining the language of chapter 901A, we believe that the legislature intended that only convictions for a sexually predatory offense, occurring after chapter 901A became effective on July 1, 1996, could be used to enhance a sentence imposed for a subsequent conviction of a sexually predatory offense. First, there is nothing in chapter 901A that says the chapter's provisions should be applied retroactively. On the contrary, the language "for the pur-

pose of enhancement of sentence on subsequent offenses," section 901A.3, "for the purpose of enhancement of future offenses," section 901A.4(1), and "for the purpose of enhancing future punishment for similar offenses," section 901A.4(2), suggests the legislature intended that chapter 901A be applied prospectively and that only convictions for a sexually predatory offense occurring on July 1, 1996, or later, could be used to enhance a sentence for a subsequent conviction. Additionally, the specific reference to *future offenses* would seem to trump any possible contrary inferences in chapter 901A that defendant's 1992 sexual abuse conviction could be used to enhance his 1998 sexual abuse conviction.

We therefore conclude that chapter 901A is to operate prospectively only and could not cause enhancement of sentence in the present case. The district court did not have authority under Iowa Code section 901A.2(3) to use defendant's 1992 conviction to enhance the sentence on defendant's 1998 sexual abuse conviction and sentence. Accordingly, based on this factual and procedural record, the sentence imposed by the district court constitutes an illegal sentence under Iowa rule of criminal procedure 23(5)(a) ("The court may correct an illegal sentence at any time."). Defendant's sexual abuse sentence must be vacated and the case remanded for resentencing of defendant to an indeterminate term not to exceed twenty-five years of confinement on the sexual abuse conviction. The district court shall also issue the appropriate written notice to defendant in accordance with Iowa Code section 901A.4(2) concerning his present sexual abuse conviction.

**3.** An exception to this rule occurs when a statute relates solely to a remedy or procedure. *In re O'Neal*, 303 N.W.2d 414, 419 (Iowa 1981). In such cases, the statute is ordinarily applied both prospectively and retrospectively. *Id.* The exception does not apply in this case, however, because a criminal sentencing statute affects the individual rights of the defendant and thus would be consid-

ered substantive, *see Board of Trustees Mun. Fire & Police Retirement Sys. v. West Des Moines*, 587 N.W.2d 227, 231 (Iowa 1998) ("Substantive law creates, defines, and regulates rights, while procedural law governs the practice, method, procedure, or legal machinery by which the substantive law is enforced or made effective."), rather than remedial or procedural in nature.

Because the district court did not have authority under Iowa Code section 901A.2(3) to use the alleged 1992 conviction to enhance defendant's sentence in this case, we need not address whether the district court was required to follow the requirements of Iowa rule of criminal procedure 18(9) to determine whether defendant had previously been convicted of sexual abuse as alleged in the trial information.

## IV. Disposition.

We conclude the district court properly allowed the State's expert witness to testify about statements that the victim A.H. made to her during mental health counseling sessions. These statements were made for purposes of medical diagnosis or treatment and thus fall under Iowa rule of evidence 803(4)'s exception to the hearsay rule. We therefore affirm both of defendant's convictions.

We affirm the sentence on the indecent contact with a child charge.

Because Iowa Code chapter 901A only operated prospectively, we further conclude that the district court under this record did not have authority pursuant to Iowa Code section 901A.3(2) to use defendant's 1992 sexual abuse conviction to enhance the sentence for his 1998 second-degree sexual abuse conviction; thus the sentence imposed by the district court constituted an illegal sentence under Iowa rule of criminal procedure 23(5)(a). We therefore vacate defendant's sentence and remand for further sentencing procedures on the second-degree sexual abuse conviction consistent with this opinion.

**JUDGMENT OF CONVICTIONS AFFIRMED; ONE SENTENCE AFFIRMED AND ANOTHER VACATED; CASE REMANDED FOR RESENTENCING.**