STATE of Iowa, Appellee,

v.

Charles Glenn HARRINGTON,
Appellant.

No. 98–1971.

Supreme Court of Iowa.

March 22, 2000.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeffrey K. Noble, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Charles Glenn Harrington, appeals from the sentence imposed following his conviction of false imprisonment in violation of Iowa Code section 710.7 (1997). Because we find that defendant received an illegal sentence, we affirm the conviction but vacate the sentence. The case is remanded to the district court for resentencing.

Defendant was originally charged with robbery in the first degree and kidnapping in the third degree. The robbery offense was dismissed prior to trial. In connection with the trial on the kidnapping charge, the State presented evidence that the defendant had attempted to sexually abuse the victim. The jury did not convict defendant of the kidnapping offense but rather of a lesser included offense of false imprisonment. In answer to a special interrogatory submitted to the jury, it found that defendant had committed the crime (false imprisonment) with the intent to commit sexual abuse.

At sentencing it was stipulated that the defendant had previously been convicted of a sexually predatory offense. The sentencing judge concluded that, based on the jury's answer to the interrogatory, the present offense was also a sexually predatory offense and thus was subject to an enhanced sentence under Iowa Code sec-

tion 901A.2(1). In so concluding, the district court indicated that it believed the conviction for false imprisonment met the statutory definition of a sexually predatory offense because it had been an attempt to commit kidnapping as defined in section 710.1.

■ Before considering the issue of statutory interpretation that is presented, we must exercise our authority to correct an illegal sentence at any time. Defendant's previous conviction of a sexually predatory offense took place on July 6, 1994. In *State v. Tornquist,* 600 N.W.2d 301, 307 (Iowa 1999), this court held that the statute under which this defendant was sentenced did not apply retroactively so as to allow enhanced punishment based on convictions occurring before the act became effective on July 1, 1996. This decision was not available to the district court at the time of sentencing. Because the enhanced sentence that was imposed was an illegal sentence based on the *Tornquist* decision, we vacate the sentence and remand the case to the district court for resentencing.

■ Our inquiry does not end at this point. The question raised on this appeal concerning whether defendant's false-imprisonment conviction was a sexually predatory offense is not moot because courts are required to make prospective determinations of offenses that may so qualify under section 901A.4(2). The statutory definition of a sexually predatory offense is as follows:

1. As used in this chapter, the term *"sexually predatory offense"* means any serious or aggravated misdemeanor or felony which constitutes:

a. A violation of any provision of chapter 709.

b. A violation of any of the following if the offense involves sexual abuse, attempted sexual abuse, or intent to commit sexual abuse:

(1) Murder as defined in section 707.1.

(2) Kidnapping as defined in section 710.1.

(3) Burglary as defined in section 713.1.

(4) Child endangerment under section 726.6, subsection 1, paragraph "*e*".

c. Sexual exploitation of a minor in violation of section 728.12, subsection 1.

d. Pandering involving a minor in violation of section 725.3, subsection 2.

e. Any offense involving an attempt to commit an offense contained in this section.

f. An offense under prior law of this state or an offense committed in another jurisdiction which would constitute an equivalent offense under paragraphs "*a*" through "*e*".

Iowa Code § 901A.1(1).

Based on the jury's answer to the interrogatory, we conclude that the defendant's false-imprisonment conviction was a sexually predatory offense. It falls under subpart *e* of the definitional statute relating to "[a]ny offense involving an attempt to commit an offense contained in this section." The district court believed that the false-imprisonment conviction qualified as an attempt to commit kidnapping, an offense contained in section 901A.1. While we are not in agreement with that conclusion, we think that, based on the jury's answer to the interrogatory, the false-imprisonment offense involved an attempt to commit another offense contained in section 901A.1. That offense was sexual abuse, which is contained in subpart *a* of that section, which designates "any provision of chapter 709."

For the reasons stated, we affirm defendant's conviction but vacate his sentence. The case is remanded to the district court for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

All justices concur except NEUMAN, LAVORATO, and SNELL, JJ., who dissent.

NEUMAN, Justice (concurring in part and dissenting in part).

I concur in the result because I agree our decision in *Tornquist* compels that we vacate Harrington's sentence and remand for resentencing. But I differ with the majority's analysis concerning false imprisonment as a sexually predatory offense. Having correctly recognized that false imprisonment is not the same as attempt to commit kidnapping, the majority concludes it constitutes an attempted violation of chapter 709 (sexual abuse). I respectfully disagree.

The enhanced sentencing provisions of Iowa Code section 901A.2 plainly require *conviction* of an offense defined in section 901A.1 as sexually predatory before the enhancement applies. All we have here is a jury's interrogatory answer pertinent to a conviction nowhere included in section 901A.1. The crime of false imprisonment for which Harrington stands convicted may well have been sexually motivated, as the jury found. But the crime has not thereby been transformed into a sex abuse conviction under chapter 709, nor does it otherwise meet the statutory definition of sexually predatory offense.

LAVORATO and SNELL, JJ., join this concurrence in part and dissent in part.