# IN THE COURT OF APPEALS OF IOWA

No. 13-1468
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY EUGENE QUINN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

        Anthony Quinn appeals from his resentencing, arguing the sentence imposed violates the United States Constitution and the Iowa Constitution because the statute authorizing it violates the Ex Post Facto Clause. **AFFIRMED.**

        Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

        Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael Hunter, Assistant County Attorney, for appellee.

        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Anthony Quinn appeals from his September 12, 2013, resentencing on five convictions of sexual abuse in the third degree. He argues the sentence violates the United States Constitution and the Iowa Constitution because the statute authorizing it violates the Ex Post Facto Clause. As sentencing enhancements provisions are not ex post facto violations merely because they refer to prior convictions, we affirm.

### I. Factual and Procedural Background

Quinn was convicted of five counts of sexual abuse in the third degree after a bench trial on December 20, 2005. On April 19, 2006, a jury verdict confirmed Quinn had previously been convicted of one count of lascivious acts with a child in 1987 and one count of assault with intent to commit sexual abuse in 1995.

The prior convictions were sexually predatory offenses under Iowa Code section 901A.1(1) (2005). That classification subjected Quinn to an enhanced sentence on the third-degree sexual abuse convictions pursuant to Iowa Code sections 901A.2(3) and 901A.1(2). Section 901A.2(3) provides, "a person convicted of a sexually predatory offense which is a felony, who has a prior conviction for a sexually predatory offense, shall be sentenced to and shall serve twice the maximum period of incarceration for the offense, or twenty-five years, whichever is greater." Section 901A.1(2) provides that a prior conviction will trigger the enhancement "regardless of whether [it] occurred before, on, or after March 31, 2000."

On April 28, 2006, Quinn was sentenced to imprisonment for a maximum term of twenty-five years on each of the five counts. Four of those terms were to run concurrently, and the final term was to run consecutively to the other four.

On May 23, 2013, the department of corrections alerted the district court to an error in the imposed sentence: Iowa Code section 901A.2(8) mandated an additional term of parole or work release not to exceed two years. The omission of this term rendered the April 28, 2006 sentence illegal and required the entry of a corrected sentence. Resentencing took place on September 12, 2013. The district court did not modify the terms of the original sentence except to include the mandatory parole or work release term. Quinn appeals from the resentencing, alleging that the sentencing enhancement statute necessitating the twenty-five year terms violates the Ex Post Facto Clause of the United States Constitution and its analogous clause in the Iowa Constitution.

## II. Scope and Standard of Review

We review the legality of a sentence for corrections of errors at law. *State v. Edgington*, 601 N.W.2d 31, 32 (Iowa 1999). However, insofar as the defendant asserts a constitutional violation, our review is de novo. *State v. Gardner*, 661 N.W.2d 116, 117 (Iowa 2003).

## III. Discussion

The United States Constitution and the Iowa Constitution "forbid the application of a new punitive measure to conduct already committed." *State v. Corwin*, 616 N.W.2d 600, 601 (Iowa 2000); *see* U.S. Const. art. I, § 10; Iowa Const. art. I, § 21. "'[A]ny statute which punishes as a crime an act previously committed, . . . which makes more burdensome the punishment for a crime, after

its commission, . . . is prohibited as *ex post facto*.'" *Schreiber v. State*, 666 N.W.2d 127, 129 (Iowa 2003) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925)). In other words, a new law imposing punitive sentences is prohibited if it is (1) retrospective and (2) a disadvantage to the defendant. *See State v. Iowa Dist. Ct.*, 759 N.W.2d 793, 797 (Iowa 2009) (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

"The only relevant action for the purpose of determining the prospective or retrospective application of a statute is the commission of the acts which make up the elements of the current offense." *State v. DeCamp*, 622 N.W.2d 290, 293 (Iowa 2001). The substantive offenses underlying any *prior* convictions are not relevant because "the enhancement of punishment is for the *pending* offense, not the previous offenses." *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999). Sentencing enhancements "do not punish for the old offense, but stiffen the punishment for the latest offense." *DeCamp*, 622 N.W.2d at 293.

Quinn alleges Iowa Code sections 901A.1(2) and 901A.2(3) are retrospective because they make reference to convictions for acts that occurred before their enactment. These two provisions were in force as of March 31, 2000. Quinn's prior convictions concerned offenses that occurred in 1987 and 1995. The current offenses (i.e. the sexual assault charges) occurred in 2005.

In this case, the sentencing enhancement was in force at the time of the current offenses, and therefore, it was not applied retrospectively. Even though

the enhancement statute is triggered by the prior convictions from 1987 and 1995, it does not change the sentences for those convictions.[1]

Quinn relies on *State v. Tornquist*, 600 N.W.2d 301, 307 (Iowa 1999), to support his assertion that the sentencing enhancements should be considered ex post facto laws.[2]  He acknowledges that *Tornquist* has been abrogated by the legislature and overturned by our supreme court.  *See* Iowa Code § 901A.2(3); *DeCamp*, 622 N.W.2d at 293 ("[*Tornquist*'s] consideration of the principles of prospective and retrospective application of a statute was not relevant and confused the issue. We disavow the prospective application analysis used in *Tornquist*.").  Nevertheless, Quinn asks that we "return to a *Tornquist* framework" in order to find that Iowa Code section 901A.2 violates the Ex Post Facto Clause.

However, *Tornquist* has no bearing on the enhancement statute's ex post facto status.  The *Tornquist* court considered only whether the legislature intended the courts to consider convictions that occurred prior to the statute's enactment to enhance a sentence.  *Tornquist*, 600 N.W.2d at 307.  At no time did that court consider whether the enhancement statute applied as substantive law

---

[1] This court has previously noted that the section 901A.2(3) enhancements are not retrospective.  *See Gully v. State*, 658 N.W.2d 114, 118 (Iowa Ct. App. 2002) (rejecting the State's attempted retrospective application of the sentencing enhancements); *see also State v. Russell*, No. 02-0946, 2003 WL 22187262, at *2 (Iowa Ct. App. Sept. 24, 2003) (noting that a pending offense that occurred prior to the statute's amendment is still measured against the prevailing case law interpreting that statute's pre-amendment terms rather than its current ones).

[2] Quinn also relies on *Gully*, 658 N.W.2d at 118.  While *Gully*—unlike *Tornquist*—does discuss ex post facto laws, it does so only in a limited context.  It merely considers the application of the amended sentencing enhancement statute to pending charges for offenses that occurred between the enactment and amendment of the enhancement statute. *Id.  Gully* has no bearing on the substantive law applied to the prior convictions and therefore does not support Quinn's position.

to the offenses or sentences underlying the prior convictions.[3]  Therefore, even if a "return to a *Tornquist* framework" were possible, it would have no bearing on Quinn's sentences.

Because Iowa Code sections 901A.1(2) and 901A.2(3) have no substantive retrospective effect on sentences for the prior convictions to which they refer, they do not violate the Ex Post Facto Clause.  We affirm the district court's sentence.

**AFFIRMED.**

---

[3] Quinn may have confused *Tornquist*'s discussion of prospective and retrospective prior convictions with the prospective and retrospective application of newly-enacted substantive law.  *See Tornquist*, 600 N.W.2d at 307.