**STATE of Iowa, Appellee,**

v.

**Kyle Shawn STOEN, Appellant.**

No. 98–435.

Supreme Court of Iowa.

June 3, 1999.

James Burns of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Andrew Van Der Maaten, County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The defendant, Kyle Stoen, was convicted of operating a motor vehicle while intoxicated (OWI) in violation of Iowa Code section 321J.2(1) (1997).[1] He challenges the classification of his conviction as a third offense for purposes of sentencing under section 321J.2(2)(c). Stoen claims the trial court erred in applying the 1997 amendments to section 321J.2, which allow the court to consider any OWI convictions within the prior twelve years in determining whether the current violation is a second or subsequent offense. *See* 1997 Iowa Acts ch. 177, § 4 (codified at Iowa Code § 321J.2(4)(a) (Supp.1997)). The former law had a six-year window for prior violations. *See* Iowa Code § 321J.2(3). Conse-

---

1. All statutory references are to the 1997 Code, unless otherwise indicated.

quently, if the pre-amendment law applies, Stoen's two prior convictions, both occurring more than six years before his current offense, would not be considered in determining the sentence for his most recent OWI violation. Stoen argues the district court's application of the new law violates the Ex Post Facto Clause of the United States Constitution, *see* U.S. Const. art. I, § 10, cl. 1, and Iowa's general savings statute, *see* Iowa Code § 4.13. Finding no merit in these arguments, we affirm.

### I. *Statutory Framework.*

We begin our discussion of the issues by reviewing the statutes governing this case. Persons convicted of OWI in Iowa are sentenced differently depending on whether the current offense is the person's first, second, or subsequent conviction for OWI. *See* Iowa Code § 321J.2(2). Prior to June 30, 1997, the Code set forth the following rule for determining the level of the current violation:

> No conviction for, deferred judgment for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third, or subsequent offense.

Iowa Code § 321J.2(3). Section 321J.2 was amended during the 1997 legislative session and the six-year window was changed:

> 4. In determining if a violation charged is a second or subsequent offense for purposes of criminal sentencing or license revocation under this chapter:
>
> *a.* Any conviction or revocation deleted from motor vehicle operating records pursuant to section 321.12 shall not be considered as a previous offense.

Iowa Code § 321J.2(4) (Supp.1997). Section 321.12 authorizes the director of the

department of transportation to destroy operating records pertaining to violations of section 321J.2 that are more than twelve years old.[2] Thus, prior to June 30, 1997, OWI convictions from the previous six years could be considered in classifying a current OWI offense; after June 30, 1997, OWI convictions from the prior *twelve* years must be considered. With this background, we turn now to the facts of the case before us.

### II. *Background Facts and Proceedings.*

Stoen was arrested for OWI on August 21, 1997, after the effective date of the amendments to section 321J.2. Because Stoen had two prior convictions for OWI, one in 1988 and one in 1990, the State charged him with third-offense OWI, a class "D" felony. Stoen was convicted after a bench trial. The district court rejected his argument that application of the new twelve-year window violated his constitutional rights and Iowa's savings statute.

### III. *Issues on Appeal and Scope of Review.*

Stoen concedes on appeal that he was driving while intoxicated on August 21, 1997. His sole challenge is to the classification of his crime as a third offense. He raises two issues: (1) the amended statute as applied to him violates the Ex Post Facto Clause; and (2) his two prior convictions had "evaporated" from legal consideration "by operation of law" and thus could not be relied upon by the State to enhance his violation.

 We review Stoen's constitutional claim de novo. *See State v. Flam,* 587 N.W.2d 767, 768 (Iowa 1998). The second issue, which turns on an interpretation of Iowa statutes, is reviewed for correction of errors of law. *See id.*

---

2. Section 321.12 was also amended during the 1997 legislative session, but the twelve-year period for retention of operating records

pertaining to OWI convictions remained the same. *See* 1997 Iowa Acts ch. 177, § 1.

Before addressing the merits of Stoen's arguments, however, it is necessary to consider a preliminary issue raised by the State. The State claims that Stoen's failure to comply with Iowa Rule of Appellate Procedure 14(a)(5) constitutes a waiver of his claims on appeal. We discuss this issue first.

### IV. Failure to Comply With Appellate Rules.

■ Iowa Rule of Appellate Procedure 14(a)(5) requires that each division of a party's brief begin with a discussion of the applicable scope of review and an identification of how error was preserved, with citation to the place in the record where the issue was raised and decided. Stoen's brief clearly fails to comply with this rule.

■ We considered the effect of a similar failure to comply with the rules of appellate procedure in *State v. Crone,* 545 N.W.2d 267 (Iowa 1996). In that case, the appellee failed to argue or cite to any authority in support of its position on a specific issue as required by Iowa Rule of Appellate Procedure 14(a)(3). *Crone,* 545 N.W.2d at 271 n. 1. The appellant argued that this failure constituted a waiver of the issue. *Id.* We refused to find a waiver, noting that the appellee's "position on this issue clearly has merit and its failure to cite authority or argue the issue has not hindered our review or consideration of the issue." *Id.* In contrast, where a party's failure to comply with the appellate rules requires the court "to assume a partisan role and undertake the [party's] research and advocacy," we will dismiss the appeal. *Inghram v. Dairyland Mut. Ins. Co.,* 215 N.W.2d 239, 240 (Iowa 1974).

In the present case, the defendant's omission has not hindered our review or consideration of the issues before us on appeal. It is clear from the trial court's ruling that both issues were raised in the district court and ruled upon by the trial court. The scope of review on these issues is well settled. Consequently, we are able to reach the merits without having to undertake the appellant's research and advocacy and without having to assume a partisan role. Therefore, we will decide the issues raised by Stoen on appeal.

### V. Ex Post Facto Argument.

■ The United States Constitution forbids ex post facto laws. *See* U.S. Const. art. I, § 10, cl. 1. "[L]aws that impose punishment for an act that was not punishable when committed or that increase the quantum of punishment provided for the crime when it was committed" violate this constitutional provision. *State v. Pickens,* 558 N.W.2d 396, 397 (Iowa 1997). Stoen claims the 1997 amendments to section 321J.2 have impermissibly increased the punishment for his offense.

■ Our analysis begins with an identification of the offense being punished by section 321J.2(4), the codification of the 1997 amendments. In general, an enhancement statute such as section 321J.2(4) does "not punish the defendant for his or her prior convictions, but instead punish[es] the defendant as a repeat offender *for the latest offense* on the basis of his or her propensity for misconduct." 16B Am.Jur.2d *Constitutional Law* § 656, at 141 (1998) (emphasis added). In other words, the enhancement of punishment is for the *pending* offense, not the previous offenses. *See State v. O'Malley,* 593 N.W.2d 517, 518 (Iowa 1999); *State v. Soppe,* 374 N.W.2d 649, 652 (Iowa 1985); *accord State v. Jones,* 214 Kan. 568, 521 P.2d 278, 280 (1974); *State v. Levey,* 122 N.H. 375, 445 A.2d 1089, 1090 (1982).

■ The pending offense here is the OWI committed on August 21, 1997. At that time the OWI statute provided that the offense would be classified for purposes of sentencing based on the number of OWI offenses committed by the defendant in the prior twelve years. Therefore, Stoen's argument that the 1997 amendments increased the punishment provided for his crime when it was committed is erroneous. The punishment of Stoen's vio-

lation of section 321J.2 as a third offense is exactly in accord with the statute as it existed at the time Stoen committed his offense on August 21, 1997. Accordingly, the amended statute does not operate as an ex post facto law as applied to Stoen. *See State v. Rolen*, 662 So.2d 446, 448–49 (La.1995) (holding there was no ex post facto violation where amendment enlarged the "cleansing period" for prior OWIs from five years to ten years); *State v. Chapman*, 685 A.2d 423, 424–25 (Me.1996) (holding statutory amendment that allowed a ten-year review of prior OWI offenses as opposed to the former six-year period did not violate the Ex Post Facto Clause); *Levey*, 445 A.2d at 1090 ("Merely allowing a conviction obtained before the amendment to be used in the assessment of the penalty for a subsequent offense does not violate the constitutional prohibition against ex post facto laws."); *cf. Danks v. State*, 619 P.2d 720, 722 (Alaska 1980) (rejecting defendant's argument that three-year revocation of license required by amended law would constitute an ex post facto law as applied to him because his first two offenses occurred prior to the statutory enactment).

## VI. *Extinguishment of Prior Convictions.*

■ Relying on our decision in *State v. Soppe*, Stoen argues that the State cannot use his pre-amendment OWI offenses to enhance his punishment because his prior offenses have been extinguished by operation of law. In *Soppe*, the defendant was charged with second-offense OWI based on a prior OWI charge that had resulted in a deferred judgment pursuant to Iowa Code section 907.3. 374 N.W.2d at 650. Prior to commission of the pending OWI viola-

tion, the applicable statute had been amended to specifically include deferred judgments in determining whether a violation charged is a first, second, or subsequent offense. *Id.* at 652. The dispute focused on whether the legislature intended to include deferred judgments granted prior to the amendment. *Id.* Based on the unique nature of a deferred judgment, we held that the legislature did not intend to retroactively count such proceedings in determining whether punishment for the current offense should be enhanced. *Id.* at 652–53. Our decision rested on our conclusion that the defendant had acquired a vested right when he consented to the deferred judgment. *Id.* at 653. At that time, the defendant was promised that upon completion of the requirements for this sentencing option, the offense would be removed from his records. *Id.* at 652. Deprivation of this right, we held, would violate Iowa Code section 4.13, which preserves any previously acquired rights from extinguishment by a statutory amendment.[3] *Id.* at 653.

The facts before us vary significantly from *Soppe*.[4] The primary distinction is that Stoen's prior violations were convictions, not deferred judgments. *See State v. Ueding*, 400 N.W.2d 550, 552 (Iowa 1987) (distinguishing *Soppe* on the basis that its "holding was ... anchored on the peculiar and evaporating nature of a deferred judgment"). Stoen points to no statute analogous to the deferred judgment sentencing statute that expressly extinguishes or expunges OWI convictions older than six years from a defendant's record. *Compare* Iowa Code § 907.3 ("Upon fulfillment of the conditions of probation [for a deferred judgment], the defendant shall be discharged *without entry*

---

**3.** The pertinent part of this law provides that "[t]he ... amendment ... of a statute does not affect ... [a]ny ... right [or] privilege ... previously acquired, accrued, accorded, or incurred thereunder." Iowa Code § 4.13(2).

**4.** The continued viability of *Soppe* even as to deferred judgments is questionable. *See State v. Moore*, 569 N.W.2d 130, 131–32 (Iowa

1997) (allowing use of deferred judgment to enhance punishment for an OWI offense, noting that the law does not require expungement of the state court administrator's records of deferred judgments, nor does the law exonerate defendants granted deferred judgments).

of judgment." (Emphasis added.)); *Soppe*, 374 N.W.2d at 652 (noting that "a defendant consenting to a deferred judgment . . . was assured that upon completion of probation he or she would have no 'record' "); *State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975) ("The manifest purpose of the deferred [judgment] procedure is to permit a defendant to avoid otherwise inevitable conviction and a judicial record of the criminal charge."), *with* Iowa Code § 321J.2(3) (providing only that OWI convictions occurring more than six years earlier would not "be considered"); *id.* § 321.12 (providing for destruction of OWI records after *twelve* years). There was certainly no provision in section 321J.2(3), which established the former six-year window, that convictions older than six years would expire or, as the defendant argues, evaporate from legal existence. Consequently, we conclude Stoen acquired no right prior to the 1997 amendments that convictions older than six years would be expunged from his criminal record.

Stoen has not been deprived of a vested right by the legislative expansion of the window for prior offenses from six years to twelve years. Consequently, Iowa Code section 4.13(2) does not prevent the application of the twelve-year window to him. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 587 N.W.2d 774, 776 (Iowa 1998) (holding section 4.13(2) "saves only . . . a right or privilege . . . that was acquired, accrued or accorded" prior to the change in the law).

**AFFIRMED.**