**STATE of Iowa, Appellee,**

v.

**Brenda GARCIA, Appellant.**

**No. 98–1311.**

Supreme Court of Iowa.

Sept. 9, 1999.

Dennis A. Bjorklund, Coralville, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, J. Patrick White, County Attorney, and Emily A. Colby, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

The dispute in this case arises from the legislature's enlargement of the time period reviewed for determining the number of prior operating-while-intoxicated (OWI) offenses to be attributed to a defendant for sentencing purposes. *See* 1997 Iowa Acts ch. 177, § 4 (codified at Iowa Code § 321J.2(4)(a) (Supp.1997)). After June 30, 1997, this window was extended from six years to twelve years so that currently any OWI conviction or deferred judgment that occurred within the previous twelve years counts as a prior offense. *See* Iowa Code §§ 321.12, 321J.2(4)(a), (b) (Supp. 1997).

The defendant, Brenda Garcia, was convicted of operating while intoxicated based on conduct which occurred on December 27, 1997, subsequent to the effective date of the change in the law. She was sentenced for second-offense OWI based on a prior deferred judgment for an OWI which had occurred more than six years before the current offense. The trial court counted the prior offense because it had occurred within twelve years of the present violation. *See id.*

Garcia challenges the sentence she received, claiming that use of the prior offense to increase her punishment violates the Ex Post Facto Clauses of the federal and state constitutions. *See* U.S. Const. art. I, § 10, cl. 1; Iowa Const. art. I, § 21. Garcia asserts that her prior offense was expunged from her record, and that application of the amended statute in her case deprives her of a vested right.

Garcia's challenge under the United States Constitution raises the same issue that we rejected in *State v. Stoen,* 596 N.W.2d 504 (Iowa 1999). As we explained in *Stoen,* Garcia is not being punished for her prior conviction, but for the latest offense on the basis of her propensity for misconduct as a repeat offender, and in accordance with the OWI statute in effect at the time she committed the current offense. *See Stoen,* 596 N.W.2d at 507. Garcia acquired no right that her prior conviction would be expunged from her record upon the expiration of the old six-year period, and thus she has been deprived of no vested right by the legislative expansion of that period to twelve years. *See id.* at 509.

Although *Stoen* did not involve a challenge under the Ex Post Facto Clause of the Iowa Constitution, we find our reasoning in *Stoen* equally applicable under the similar provisions of both constitutions, which we have typically interpreted in a similar manner. *See, e.g., State v. Kotlers,* 589 N.W.2d 736, 739–40 (Iowa 1999); *State v. Oliver,* 588 N.W.2d 412, 415–16 (Iowa 1998); *State v. Flam,* 587 N.W.2d 767, 768 (Iowa 1998). We conclude that application of the twelve-year window for prior offenses in Garcia's case does not violate the Ex Post Facto Clauses of the federal or state constitutions.

We therefore affirm the district court judgment and sentence.

**AFFIRMED.**