**STATE of Iowa, Appellant,**

v.

**Robert L. MILLER, Appellee.**

No. 98–1775.

Supreme Court of Iowa.

Jan. 20, 2000.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Patrick C. Jackson, County Attorney, Michael Clark and Mona Clarkson, Assistant County Attorneys, for appellee.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, and CADY, JJ., and HARRIS,* S.J.

HARRIS, Senior Judge.

■ In common with the scheme prevailing throughout the country, Iowa law provides increasing penalties for repeat convictions of operating a motor vehicle while intoxicated. Prior to 1997, only those OWI convictions occurring during the previous six years were reckoned in fixing enhanced punishment. In 1997 the General Assembly expanded this time frame for prior OWI offenses, increasing it to twelve years. Since then Iowa courts have been presented with many ex post facto claims that extension into the past should not apply for convictions that had already passed (by virtue of the passing of the six years formerly specified) in fixing punishment for offenses occurring later. We have rejected these claims. *State v. Garcia,* 600 N.W.2d 320, 321 (Iowa 1999); *State v. Stoen,* 596 N.W.2d 504, 507–08 (Iowa 1999). The present defendant raises a similar ex post facto claim, which we now reject on the basis of our *Garcia* and *Stoen* holdings. He also raises a similar chal-

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

lenge on the basis of double jeopardy, which we now consider and, for the reasons that follow, also reject.

■ Defendant, Robert Miller, was convicted following a stipulated bench trial of operating a motor vehicle while intoxicated (third offense) for an offense committed in January 1998. *See* Iowa Code § 321J.2 (1997). The two prior convictions on which the enhancement was based occurred in March of 1988 and November of 1991. He posits his double jeopardy claims on both the federal and Iowa constitutions. U.S. Const. amend. V; Iowa Const. art. I, § 12. The standards for review are the same under the two constitutions. *State v. Franzen,* 495 N.W.2d 714, 715–16 (Iowa 1993).

■ Miller's situation is light years from double jeopardy. The clause protects persons accused of crime from both multiple prosecution and punishment. *Id.* at 716. But, as explained in both *Garcia* and *Stoen,* Miller is not being prosecuted now for his past offenses. *Garcia,* 600 N.W.2d at 321; *Stoen,* 596 N.W.2d at 507. The present enhanced punishment is based on his conduct at the time of the latest offense. Enhanced punishment is imposed only because, notwithstanding his past record, and the lessons he should have learned from it, he still did not get the point. This is a separate present affront to society and the only basis for the enhancement.

Because the present prosecution is not for any offense previously prosecuted, double jeopardy is not implicated. *See Franzen,* 495 N.W.2d at 716. The trial court was correct in so holding.

**AFFIRMED.**