STATE of Iowa, Appellee,

v.

Gary Dean DeCAMP, Appellant.

No. 00–0101.

Supreme Court of Iowa.

Feb. 14, 2001.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kristin Mueller, Assistant Attorney General, Terry E. Rachels, County Attorney, and Ryan Ellis, Assistant County Attorney, for appellee.

CADY, Justice.

The primary issue we consider in this appeal is whether prior convictions for possession of a controlled substance can be considered under the sentencing enhancement provisions of Iowa Code section 124.401(5) (1999), when the prior convictions predated the amendment providing for enhanced sentencing and were identified by a different code section. We conclude the prior convictions can be considered and affirm the judgment and sentence of the district court. We preserve an additional issue of ineffective assistance of counsel for postconviction relief proceedings.

## I. Background Facts and Proceedings.

Gary DeCamp was arrested for possession of a controlled substance and carrying a concealed weapon on November 11, 1998. The concealed weapon was a knife in a sheath attached to DeCamp's belt. The weapon was observed by a state trooper after he stopped the automobile driven by DeCamp for failing to dim the high beam lights. The trooper conducted a pat down of DeCamp after he observed the weapon, and found methamphetamine in a cylindrical object located in a pocket of DeCamp's pants. A subsequent search of the interior of the vehicle uncovered additional drugs contained in a vial.

DeCamp was handcuffed and placed in the trooper's patrol car. After the trooper informed DeCamp of his *Miranda* rights, DeCamp acknowledged to the trooper that he owned the drugs discovered in the car and that he has had a long history of a drug problem.

The stop was recorded by a video camera mounted on the trooper's car. The trooper also wore a microphone which enabled the video tape to record sound. Pursuant to a state patrol policy, the video tapes of stops made by troopers are erased ninety days after an arrest.

DeCamp was formally charged by a trial information on November 20, 1998, with carrying a concealed weapon and possession of a controlled substance. The trial information alleged DeCamp had been convicted of possession of a controlled substance on three prior occasions, and charged the current possession offense as

a felony under the enhanced sentencing provisions of Iowa Code section 124.401(5). The trial information claimed DeCamp had been convicted of possession of a controlled substance on December 3, 1992, May 25, 1994, and April 11, 1996.

DeCamp filed a motion for discovery on January 8, 1999. He requested the State produce a variety of items, including any recorded statements or photographs. The district court granted the motion on January 13, 1999. DeCamp learned at a subsequent hearing on a motion to suppress that the stop made by the trooper had been videotaped. This video tape, however, was never produced by the State.

At trial, the trooper who arrested DeCamp testified that the video tape had been erased pursuant to the state patrol policy ninety days after the arrest and prior to the time the county attorney contacted him to inquire about the video tape. DeCamp denied at trial that he made any admissions to the trooper following the stop, and testified he believed the video tape would have supported his testimony. Nevertheless, defense counsel did not request that a spoliation instruction be given to the jury, and did not attempt to establish prosecutorial bad faith in failing to produce the video tape.

DeCamp was found guilty of the charges by the jury. He then admitted the three prior convictions for possession of a controlled substance. The district court subsequently sentenced DeCamp on the offense of possession of a controlled substance by elevating the crime to a felony based on the three prior convictions. DeCamp claimed the three convictions should not have been used to elevate the crime to a felony because the enhanced sentencing provisions of section 124.401(5) do not include prior convictions which predated the effective date of the enactment of the enhanced sentencing provisions or those which arose when the crime of possession of a controlled substance was defined by a different section in the Code.

DeCamp appeals. He claims his trial counsel was ineffective for failing to establish prosecutorial bad faith in the erasure of the video tape and to request a destruction of evidence instruction. He also claims the trial court erred in elevating the possession conviction to a felony and imposing the enhanced sentencing provision.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Smothers,* 590 N.W.2d 721, 722 (Iowa 1999). We review the challenge to a sentencing statute for correction of errors at law. *State v. Edgington,* 601 N.W.2d 31, 32 (Iowa 1999). Likewise, we review issues of statutory interpretation for correction of errors at law. *State v. Daniel,* 574 N.W.2d 333, 335 (Iowa 1998).

## III. Enhanced Sentencing.

We first address the claim that the district court erred by considering DeCamp's prior convictions for possession of a controlled substance in enhancing his sentence. The crime of possession of a controlled substance is defined in section 124.401(5). This section also provides for a penalty for the crime, and for enhanced punishment based on prior convictions. In pertinent part, the subsection provides:

It is unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a serious misdemeanor for a first offense. A person who commits a violation of this subsection and who has previously been convicted of *violating this subsection* is guilty of an aggravated misdemeanor. A person who commits a violation of this subsection and has previously been convicted two or more times of *violating*

*this subsection* is guilty of a class "D" felony.

Iowa Code § 124.401(5) (emphasis added).

The enhanced sentencing language for prior convictions was not added to the statute until 1998. *See* 1998 Iowa Acts ch. 1138, § 25 (codified at Iowa Code § 124.401(5) (1999)). Additionally, prior to 1993, the offense of possession of a controlled substance was defined in section 204.401(3). *See* Iowa Code § 204.401(3) (1991). However, the Code editor transferred section 204.401 to section 124.401 in 1993, and section 204.401(3) became section 124.401(3). *See* Iowa Code § 124.401(3) (1993). The definition and degree of the crime, nevertheless, did not change. *Compare id., with* Iowa Code § 204.401(3). In 1996, section 124.401(3) was then renumbered to its present section 124.401(5) to accommodate amendments to other parts of section 124.401. *See* 1996 Iowa Acts · ch. 1164, §§ 1, 2, 4 (codified at Iowa Code § 124.401 (1997)).

DeCamp argues the enhanced punishment provisions only apply to prior convictions under section 124.401(5), and not prior convictions from when the crime was previously defined in section 124.401(3) or section 204.401(3), because the legislature specifically limited the enhanced punishment to "a person who commits a violation of this subsection and has previously been convicted ... of violating *this subsection.*" Iowa Code § 124.401(5) (emphasis added). Thus, DeCamp asserts he has no prior convictions under section 124.401(5) because his prior convictions occurred when the crime was defined under either section 124.401(3) or section 204.401(3). DeCamp also asserts that statutes which are amended to provide for enhanced punishment for prior convictions are presumed to only apply prospectively. *See State v. Tornquist,* 600 N.W.2d 301, 307 (Iowa 1999).

In *Tornquist,* we faced the question whether the sexually predatory offense statute, which was enacted effective July 1, 1996 to provide for enhanced punishment based on a prior conviction of a sexually predatory offense, permitted a pre-July 1, 1996 conviction to be used to enhance a subsequent conviction for a sexually predatory offense. *Id.* at 306. As part of our analysis, we recognized statutes are presumed to be prospective in their operation, and concluded that nothing in the statute expressed a legislative intent that the statute should be applied retroactively. *Id.* at 307. Moreover, we found the language used by the legislature in that statute revealed an intent that only prior convictions after the effective date of the enactment be considered. *Id.* Thus, we held that the sentencing enhancement language of the sexually predatory statute only applies to prior convictions after July 1, 1996. *Id.*

Although *Tornquist* correctly considered the legislature's intent in concluding that the enhanced punishment provisions only apply to prior convictions after the effective date of the enactment which established enhanced punishment for prior convictions, that portion of the analysis which included a consideration of the principles of prospective and retrospective application of a statute was not relevant and confused the issue. *See* Iowa Code § 4.5 (1999) ("statute is presumed to be prospective in its operation unless expressly made retrospective"); *Tornquist,* 600 N.W.2d at 307. We disavow the prospective application analysis used in *Tornquist.*

The principle that statutes are presumed to apply only prospectively means they "apply only to actions [that] arise after the effective date of the statute." *Frideres v. Schiltz,* 540 N.W.2d 261, 264 (Iowa 1995). The only relevant action for the purpose of determining the prospective or retrospective application of a statute is the commission of the acts which make up the elements of the current offense. *See State v. Miller,* 606 N.W.2d 310, 312 (Iowa 2000) ("enhanced punishment is based on [defendant's] conduct at the time of the latest offense," and defendant is not prosecuted for his prior convic-

tions); *State v. Stoen,* 596 N.W.2d 504, 507 (Iowa 1999) ("the enhancement of punishment is for the *pending* offense, not the previous offenses"). Yet, recidivism laws do not define a different or separate crime or add elements to existing crimes. *State v. Schultz,* 604 N.W.2d 60, 62 (Iowa 1999); *State v. Tobin,* 333 N.W.2d 842, 845 (Iowa 1983); *State v. Biggles,* 235 N.W.2d 112, 112–13 (Iowa 1975); *State v. Robinson,* 165 N.W.2d 802, 804 (Iowa 1969); *State v. Eichler,* 248 Iowa 1267, 1273, 83 N.W.2d 576, 579 (1957); *see Almendarez–Torres v. United States,* 523 U.S. 224, 244, 118 S.Ct. 1219, 1231, 140 L.Ed.2d 350, 368–69 (1998) (prior convictions do not constitute elements of the current offense and instead concern punishment only). Their purpose is "to deter and punish incorrigible offenders." *State v. Conley,* 222 N.W.2d 501, 503 (Iowa 1974); *see Biggles,* 235 N.W.2d at 113; *Robinson,* 165 N.W.2d at 804. They do not punish for the old offense, but stiffen the punishment for the latest offense. *Monge v. California,* 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615, 624 (1998); *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683, 1687 (1948); *see Miller,* 606 N.W.2d at 312. Thus, the only acts at issue for the purpose of determining whether a statute providing for an enhanced sentence for prior convictions offends the principles of prospective application of a statute are the acts that make up the latest offense. *Miller,* 606 N.W.2d at 312; *Stoen,* 596 N.W.2d at 507. The effective date of the enhanced sentencing provisions gives the offender notice his future acts will be subject to enhanced punishment based on the prior convictions. *See Stoen,* 596 N.W.2d at 507–08 (amended operating while intoxicated statute did not operate as an ex post facto law as applied to the defendant because the statute's enhanced penalty amendments were in effect at the time the defendant committed the pending offense). Thus, the issue of enhanced sentencing based on prior convictions is outside the scope of the principles which apply to the prospective or retrospective application of a statute.

Instead, the question we face is whether the legislature intended to include prior convictions which occurred before the effective date of the enhanced punishment provisions. Unlike the principles of prospective application of a statute, there is no presumption that the statute did not intend to include convictions prior to the effective date of the enhanced sentencing provisions. Instead, our first task is to look to the language of the statute to determine the legislative intent. *Schultz,* 604 N.W.2d at 62; *State v. Wagner,* 596 N.W.2d 83, 87 (Iowa 1999); *State v. Green,* 470 N.W.2d 15, 18 (Iowa 1991).

If a statute is plain and its meaning is clear, we do not search for meaning beyond the expressed terms. *State v. Perez,* 563 N.W.2d 625, 628 (Iowa 1997). In the absence of clear legislative intent, we turn to the rules of statutory construction. *Id.*

A statute must be construed in its entirety. *State v. Broten,* 295 N.W.2d 453, 454 (Iowa 1980). In resolving the dispute in this case, it is important to consider that section 124.401 establishes the offenses as well as the penalties governing controlled substances, just as section 204.401 did prior or to the Code section change in 1993 by the Code editor. Generally, each subsection within section 124.401 addresses a separate offense, ranging from manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance under section 124.401(1), to simple possession of a controlled substance under section 124.401(5). The exception is section 124.401(2), which permits the weight of the controlled substances involved in multiple violations of subsection (1) to be combined for the purpose of charging a single violation when the acts constitute a single scheme, plan, or conspiracy. *See* Iowa Code § 124.401(2). Thus, our legislature generally has used separate subsections to define separate of-

fenses. When this has been done, the penalty for each offense immediately follows the description of the offense in each subsection. *See id.* § 124.401(1)(a) ("[v]iolation of this subsection ... is a class 'B' felony"); § 124.401(3) ("[a] person who violates this subsection commits a serious misdemeanor"); § 124.401(5) ("[a]ny person who violates this subsection is guilty of a serious misdemeanor for a first offense"). The phrase "this subsection" appears after the descriptions of the crime and before the descriptions of the penalties for the crime. The placement of this phrase is significant.

It is a common practice in drafting statutes to make reference to definitions and other matters set forth in the same statute without repeating the definition or previous matters. *See* 1A Norman J. Singer, *Sutherland Statutory Construction* § 21.13, at 128 (Clark Boardman Callaghan 5th ed.1993) [hereinafter Singer]. This is normally done by using linking expressions to avoid clutter and repetition in a statute. *See id.* Linking expressions are used to refer to words in the preceding sentence and direct the reader back to what has just been previously stated. *See id.* They add cohesiveness from one thought to the next in a paragraph.

Considering the drafting approach followed by our legislature in section 124.401, it is clear that the phrase "this subsection" was used to connect the penalty to the crime without the necessity of repeating the definition of the crime or identifying the crime by name. The definitions of the controlled substance crimes are expansive, and linking expressions are helpful to direct the reader back to the definition of a crime just provided to develop cohesiveness within each subsection. Thus, our legislature used the phrase "this subsection" throughout the section as a substitute for the description of each offense, not as a literal identification for the numeric designation of the subsection. The amendments in 1998 reflect this same approach. *See* 1998 Iowa Acts ch. 1138, § 25. There

is certainly nothing to suggest that the number of the section had any particular relevance.

We also construe statutes to avoid unreasonable results. *Schultz,* 604 N.W.2d at 62; *State v. Pace,* 602 N.W.2d 764, 772 (Iowa 1999); *In re S.M.D.,* 569 N.W.2d 609, 611 (Iowa 1997). In this case, if we construed the phrase "violating this subsection" to mean violating the current section number of the Code, then only convictions which occurred after the time when section 124.401(3) was renumbered to section 124.401(5) would be included. We can discern no reason why our legislature would select the time period in which a Code section was renumbered as a date to begin the inclusion of prior convictions. This interpretation also conflicts with the concept that the renumbering of a statute is considered to be a continuation of the prior statute. Iowa Code § 4.10; 1A Singer § 22.33, at 290–91.

Finally, we do not apply the literal meaning of a word if it fails to reflect the manifest intent of our legislature. *State v. Link,* 341 N.W.2d 738, 740 (Iowa 1983). The purpose of enhanced sentencing provisions in a statute is to deter and punish recidivism. This purpose is better served by an interpretation that aligns the phrase "violating this subsection" with a description of the offense rather than a particular numeric designation. A literal application of the phrase "this subsection" would limit the scope of enhanced sentencing to those prior convictions which occurred after the Code renumbering process, and consequently, would limit the general objectives of enhanced sentencing by eliminating repeat offenders from its scope. *See State v. Peterson,* 347 N.W.2d 398, 402 (Iowa 1984).

We conclude the phrase "violating this subsection" in the enhanced sentencing provisions of the first unnumbered paragraph of section 124.401(5) refers to the definition of the offense and not the particular numeric designation of the subsection. Thus, a prior conviction for the

crime of possession of a controlled substance in violation of the current subsection or any predecessor section or subsection can be considered in applying the enhanced sentencing provisions of section 124.401(5).

### IV. Ineffective Assistance.

Ineffective assistance of counsel claims presented on direct appeal are typically preserved for postconviction relief proceedings to allow for a full development of the facts surrounding the conduct of counsel. *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). We can only address ineffective assistance claims on direct appeal if the record is sufficient. *State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999).

In this case, we are unable to fully evaluate the claims raised. The record does not reveal the actions or inactions of the prosecutor as they relate to the court order for discovery. The record also fails to reveal whether the conversation between the trooper and DeCamp which resulted in the disputed admissions was included on the video tape. Finally, the record fails to disclose the actions of defense counsel. We conclude the claim for ineffective assistance of counsel should be preserved for postconviction relief to permit the development of a full and complete record.

### V. Conclusion.

We conclude the trial court properly considered DeCamp's three prior convictions for possession of a controlled substance in applying the enhanced sentencing provisions. In addition, we preserve the ineffective assistance of counsel claim for postconviction relief.

**AFFIRMED.**