# IN THE COURT OF APPEALS OF IOWA

No. 15-1759
Filed June 15, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TIMMIE ALEXANDER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

The defendant seeks review of the district court's denial of his motion to correct an illegal sentence. **WRIT ANNULLED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Timmie Alexander seeks review of the district court's denial of his motion to correct an illegal sentence. Between Alexander's earlier convictions for operating while intoxicated (OWI) and his present one, a statutory change adjusted how long to look back to determine the level of the current OWI offense. The change in statute raised the level of Alexander's current offense, and he maintains it violates the ex post facto prohibitions of the United States and Iowa Constitutions.

## I. Background Facts and Proceedings

In January 2004, Alexander was observed making an illegal U-turn by a state trooper. When the trooper pulled behind Alexander and activated his lights and sirens, Alexander sped up and led the trooper on a chase for a number of miles. Alexander was eventually stopped, and when the trooper made contact with Alexander, the trooper believed him to be intoxicated.

Alexander was originally charged with OWI, third offense; eluding a pursuing law enforcement vehicle; and operating a motor vehicle while barred. The OWI charge was categorized as a third offense due to Alexander pleading guilty to OWI charges in June and December 1993. The State later amended the trial information to clarify that it was seeking the application of the habitual offender sentencing enhancement, pursuant to Iowa Code section 902.8 (2003), on the punishment for the felony OWI and eluding charges.

Alexander had a bifurcated trial; he denied both that he had prior OWI convictions to sustain a charge of OWI, third offense, and that he had prior felony convictions to sustain the habitual offender sentencing enhancement. Alexander

was first found guilty of each of the three charges. In the second phase of the trial, the jury concluded Alexander had incurred each of the prior alleged OWI convictions and that he was an habitual offender due to his 1994 conviction for OWI, third offense, and his 1987 conviction of burglary in the second degree.

In August 2004, Alexander was sentenced to two terms of incarceration not to exceed fifteen years—one for his OWI conviction and one for his eluding conviction. He was also sentenced to a term of incarceration not to exceed two years for his conviction for driving while barred. The sentences were ordered to be served consecutively, for a total term of incarceration not to exceed thirty-two years.[1]

Alexander initiated the present action in December 2014 when he filed a pro se motion asking the district court to correct his illegal sentence. Alexander was appointed counsel and a recast motion[2] was filed. In September 2015, following a hearing on the motion, the district court ruled that Alexander's claim was without merit and denied the motion.

Alexander appeals.

**II. Standard of Review**

Because Alexander raises a constitutional challenge to a statute, our review is de novo. *See State v. Stoen*, 596 N.W.2d 504, 506 (Iowa 1999).

---

[1] Alexander appealed his convictions, which a panel of this court affirmed. *See State v. Alexander*, No. 04-1357, 2006 WL 3798920, at *5 (Iowa Ct. App. Dec. 28, 2006).
[2] Alexander filed a motion to correct an illegal sentence and then ultimately recast it as an application for postconviction relief. In its order, the district court stated that "a contested reported hearing was held on Defendant's motion to correct an illegal sentence" and then ultimately ruled, "The motion to correct an illegal sentence is denied." As such, we treat this as a petition for writ of certiorari to review the court's denial of the motion.

**III. Discussion**

A defendant may challenge an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). The filing of a motion to correct an illegal sentence under rule 2.24(5)(a) is an appropriate vehicle for such a challenge after the time for appeal has passed. However, a defendant does not have the right to appeal the denial of a motion to correct an illegal sentence under Iowa Code section 814.6(1) (2015). In this case, where Alexander challenges his sentence as illegal, we determine the proper form of review was by a petition for writ of certiorari. Pursuant to Iowa Rule of Appellate Procedure 6.108, we treat his notice of appeal and briefs as a petition for writ of certiorari and grant the writ.

Prior to the 1997 amendments, Iowa Code section 321J.2(3) limited the "look back" period to six years, stating, "No conviction for, deferred judgment for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third, or subsequent offense." After the amendment, when Alexander received his present OWI charge, the look back period was twelve years. *See* Iowa Code §§ 321J.2(4), 321.12(4), (2003). Because of the amendment, Alexander was charged in 2004 with OWI, third offense, a class "D" felony.

Alexander maintains that because the look back period was not changed until after he received his first two convictions but before he received his final conviction, the application of the longer period violates the constitutional prohibitions against ex post facto laws. *See* U.S. Const. art 1, § 10; *see also*

Iowa Const. art. 1, § 21. "[L]aws that impose punishment for an act that was not punishable when committed or that increase the quantum of punishment provided for the crime when it was committed" violate ex posto facto prohibitions. *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999) (alteration in original).

Our supreme court has already addressed Alexander's claim under both the Federal and Iowa Constitution. In *Stoen*, the court considered the defendant's challenge under the Federal Constitution, ruling on the same factual situation and legal challenge that Alexander makes here. *See id.* The court held the enhancement of the punishment for the current offense does not impose a punishment for the prior convictions but rather punishes the offender for the current offense as a repeat offender. *Id.* As the court stated, "The punishment of [Alexander's] violation of section 321J.2 as a third offense is exactly in accord with the statute as it existed at the time [Alexander] committed his offense [in January 2004]." *Id.* at 507–08. Thus, no ex post facto violation occurred under the Federal Constitution. A few months later, our supreme court considered the same challenge under the Iowa Constitution. *See State v. Garcia*, 600 N.W.2d 320, 321 (Iowa 1999). The court "found [its] reasoning in *Stoen* equally applicable under" the Iowa Constitution and again found no violation. *Id.*

*Stoen* and *Garcia* are dispositive of Alexander's claims.[3] Thus, treating this appeal as a petition for writ of certiorari, we find no illegality in the sentence and annul the writ.

**WRIT ANNULLED.**

---

[3] Alexander did not distinguish the facts of his case from either of those listed above. He also does not ask us to overturn precedent.