# IN THE COURT OF APPEALS OF IOWA

No. 17-0669
Filed January 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT WILLIAM GILLILAND,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Winneshiek County, David P. Odekirk, Judge.


Robert Gilliland appeals his convictions for possession of methamphetamine, third offense, possessing pseudoephedrine with intent to manufacture, and possessing lithium with intent to manufacture. **AFFIRMED.**


Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Robert Gilliland appeals his convictions for possession of methamphetamine, third offense, in violation of Iowa Code section 124.401(5) (2017); possessing pseudoephedrine with intent to manufacture, in violation of Iowa Code section 124.401(4)(b); and possessing lithium with intent to manufacture, in violation of Iowa Code section 124.401(4)(f). We find the district court did not abuse its discretion by sentencing Gilliland to five years in prison. We preserve Gilliland's claim of ineffective assistance of counsel for possible postconviction proceedings. We affirm Gilliland's convictions.

## I. Background Facts and Procedures

On April 2, 2016, the Decorah Police Department received a call about a suspicious purchase of a lye-based drain cleaner. After purchasing the lye, Gilliland and a woman he was with left the store and drove away in a blue van. A Decorah police officer responded to the call, located the van, and stopped it for equipment violations. The woman was driving the van, Gilliland sat in the passenger seat, and two young children sat in the back seats.

The woman was arrested for operating while intoxicated, and the officer decided to impound the van. The officer asked Gilliland to exit the vehicle. Gilliland appeared agitated, nervous, and shaky. He handed the officer a box of Claritin-D. The officer asked Gilliland to empty his pockets, but Gilliland refused. Gilliland reached inside his jacket and placed or moved something. The officer noted this, and Gilliland allowed the officer to remove the item. It was an M&M package with electrical tape along the bottom. Gilliland allowed the officer to pat him down. The officer did and found a metal tin, which he removed from

Gilliland's pocket. Gilliland then revoked his consent to be searched. The officer placed Gilliland in handcuffs, and, found a key, a pocketknife, and several baggies containing white powder on Gilliland. When the metal tin was opened it contained white powder residue. Both substances were later confirmed to be methamphetamine.

Inside the van the officer found two bottles of lye-based drain cleaner, a package of pseudoephedrine, two packages of lithium batteries, and coffee filters with methamphetamine residue on them. Gilliland admitted he used methamphetamine and informed the officer he did not like to buy methamphetamine but preferred to make and use his own.

On February 21, 2017, Gilliland appeared and plead guilty to possessing methamphetamine, third offense, possessing pseudoephedrine with intent to manufacture, and possessing lithium with intent to manufacture. He requested probation in order to pursue substance-abuse treatment. On April 18, Gilliland was sentenced. The State argued for suspended concurrent five-year prison sentences with two to five years of probation. Gilliland made the same request.

The district court noted it had considered the plea agreement, the nature of the offense, Gilliland's age, prior criminal record, employment, family circumstances and "other matters outlined in the Presentence Investigation Report." Focusing on Gilliland's lengthy criminal record the district court sentenced him to five years in prison on each count to be served concurrently. Gilliland filed his appeal on April 26.

## II. Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats,* 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.* Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III. Sentencing

Gilliland claims the district court abused its discretion by sentencing him to prison instead of suspending his sentence and placing him on probation. Gilliland points out he will be less likely to receive substance-abuse treatment while incarcerated. He also points out he will be unable to be employed and will not be able to provide support to his two children or "pay back his debt to society." Gilliland additionally claims he should have been given probation and suspended sentences as he "was expressing a desire to make a substantial change in his life and address his need for substance abuse treatment."

The district court listed the specific and permissible considerations used to come to a sentencing decision, which we have set forth above. We find the district court gave adequate reasons to sentence Gilliland to prison. The district court's decision was based on reasonable and valid considerations, and we find no abuse of discretion. *See Seats*, 865 N.W.2d at 552.

## IV. Ineffective Assistance

Gilliland also claims trial counsel was ineffective for failing to challenge the search and seizure. We find the record before this court is not adequate to resolve this claim. Therefore, we affirm Gilliland's conviction but preserve his claim of ineffective assistance of counsel for possible postconviction-relief proceedings. *See State v. DeCamp*, 622 N.W.2d 290, 296 (Iowa 2001) ("Ineffective assistance of counsel claims presented on direct appeal are typically preserved for [postconviction-relief] proceedings to allow for a full development of the facts surrounding the conduct of counsel.").

**AFFIRMED.**