# IN THE COURT OF APPEALS OF IOWA

No. 16-2220
Filed February 7, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**NATHAN GLENN SMITH,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Keokuk County, Daniel P. Wilson,

Judge.

Nathan Smith appeals his conviction for domestic assault. **AFFIRMED.**

Eric D. Tindal of Keegan & Farnsworth, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Nathan Smith appeals his conviction for domestic assault causing bodily injury, in violation of Iowa Code sections 708.1(1), 708.2A(2)(b), and 236.2(2)(c) (2016). Nathan claims the district court erred by admitting hearsay evidence and claims trial counsel was ineffective. We find the district court properly admitted the evidence and preserve Nathan's other claim of ineffective assistance for possible postconviction relief. We affirm the district court.

## I. Background Facts and Proceedings

On June 2, 2016, Keokuk Sherriff's Deputy Pence was dispatched to Delta, Iowa, after a 911 caller reported a domestic assault. Deputy Pence arrived and spoke with Crystal Rawson-Smith and her daughter immediately after the incident. Crystal reported she had been assaulted by Nathan Smith, her husband, against whom she had begun divorce proceedings and had a no-contact order, the result of previous incident of domestic abuse.

Crystal stated she arrived at Nathan's grandmother's house with her daughter for the purpose of picking up the couples' son. After Crystal arrived she and Nathan began to argue. Crystal attempted to leave, but Nathan removed the keys from her car. After Crystal got out of the car, Nathan pushed her against it. She escaped and attempted to run to a friend's house located nearby. Nathan caught her and threw her down. The daughter reached the friend's house and dialed 911. Crystal was again able to escape and entered her friend's house.

Deputy Pence arrived, photographed visible injuries consistent with Crystal's version of the events, took Crystal's statement, asked Crystal to write out a formal statement, and left to locate Nathan. Nathan was found the same

night, though the record is unclear as to the exact time. Nathan admitted he had been in contact with Crystal to exchange their son but stated he had not argued with or assaulted her. After finding Nathan, Deputy Pence returned to collect the statement from Crystal.

Nathan was charged on June 10. On October 17, the State alleged Crystal recanted her previous statements and, therefore, was an unavailable witness. The State claimed the residual hearsay exception applied to Exhibit 5, Crystal's written statement, but Nathan resisted the State's motion. A hearing was held but not recorded, and Nathan's presence was waived by counsel. During the hearing, trial counsel withdrew his resistance, and the district court found the residual hearsay exception applied.

Trial began October 25. During the trial, the State offered Crystal's verbal statement, and Nathan did not object. The State also offered the written statement, and Nathan objected, claiming the evidence was hearsay. The district court overruled the objection and found the written statement was admissible as an excited utterance, as well as under the residual hearsay rule. Nathan was found guilty by a jury October 26.

## II. Standard of Review

A district court's ruling on the admission of evidence is reviewed for an abuse of discretion. *State v. Paredes*, 775 N.W.2d 554, 560 (Iowa 2009). However, our review of hearsay claims, including determining whether an exception to the general hearsay rule applies, is for correction of errors at law. *Id.* Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

### III. Admission of Crystal's Statement

Nathan claims the district court should not have allowed the introduction of Crystal's written statement under the excited utterance exception. On the night of the assault, after receiving an oral statement from Crystal, Deputy Pence asked Crystal to write a statement describing the incident. The State offered the written statement at a pretrial hearing on its admissibility under the residual hearsay exception, and the oral statement came into the record at trial without objection.

Nathan resisted the pretrial motion, but counsel withdrew the resistance during the pretrial hearing. At trial, Nathan objected when the written statement was offered, claiming it was hearsay. The district court admitted the written statement under the excited utterance exception and once again ruled the written statement was admissible under the residual hearsay rule.

Crystal provided a verbal statement directly to Officer Pence and later provided a written statement. The statements provided essentially identical evidence. Having reviewed the record, we find that even if the written statement should not have been received, Officer Pence was allowed to testify to the verbal statement. Further we note that a 911 call was received into evidence, without objection, corroborating the verbal and written statements provided by Crystal. For the foregoing reasons, we find the district court properly admitted the evidence.

### IV. Ineffective Assistance

Nathan also claims trial counsel was ineffective for failing to object to evidence of other incidences of domestic abuse, for withdrawing his resistance to

the pretrial admission of the written statement, and for failing to object to the admission of the verbal statement. We find the record before this court is not adequate to resolve the claim concerning the introduction of the other incidences of domestic violence. Therefore, we affirm Nathan's conviction but preserve this one issue for possible postconviction-relief proceedings. *See State v. DeCamp*, 622 N.W.2d 290, 296 (Iowa 2001) ("Ineffective assistance of counsel claims presented on direct appeal are typically preserved for [postconviction-relief] proceedings to allow for a full development of the facts surrounding the conduct of counsel."). We find Nathan's claims as to counsel's withdrawal of his resistance and failure to object to the verbal statement should not be preserved as "[c]ounsel cannot fail to perform an essential duty by merely failing to make a meritless objection." *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008).

**AFFIRMED.**