# IN THE COURT OF APPEALS OF IOWA

No. 16-2175
Filed March 21, 2018

**DARIN DWAYNE WARE,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


　　　Appeal from the denial of an application for postconviction relief.
**AFFIRMED.**


　　　Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


　　　Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Darin Ware pursues this appeal from the denial of his application for postconviction relief. This court previously affirmed Ware's convictions and sentences on direct appeal. *See State v. Ware*, No. 13-0831, 2014 WL 3748202, at *1 (Iowa Ct. App. July 30, 2014).

> Ware was charged with eleven drug-related charges. He entered into a plea agreement in which he agreed to plead guilty to four of the charges and the remainder would be dismissed. On March 18, 2013, Ware pled guilty to delivery of a simulated controlled substance as a second or subsequent offender, in violation of Iowa Code sections 124.401(1)(c)(2)(b) and 124.411 (2011), a class "C" felony; possession of a controlled substance (methamphetamine) with intent to deliver as a second or subsequent offender, in violation of sections 124.401(1)(b)(7) and 124.411, a class "B" felony; possession of a controlled substance (marijuana) with intent to deliver as a second or subsequent offender, in violation of sections 124.401(1)(d) and 124.411, a class "D" felony; and delivery of a controlled substance (methamphetamine) as a second or subsequent offender, in violation of sections 124.401(1)(c)(6) and 124.411, a class "C" felony. The district court accepted Ware's guilty pleas.
>
> Under section 124.411(1), as a second or subsequent offender Ware was facing up to 150 years in prison for the offenses he pled guilty to. Pursuant to the plea agreement, the parties jointly agreed to recommend certain sentences that would give Ware up to sixty-five years in prison. At the sentencing hearing the prosecutor and defense counsel both recommended Ware receive a sentence of sixty-five years in prison. The court sentenced Ware to terms of imprisonment not to exceed ten years, sixty-five years, five years, and ten years, to be served concurrently, for a total term of imprisonment of sixty-five years. Ware was required to serve a mandatory minimum one-third of his sentence, and the court reduced that by one-third because Ware had accepted responsibility by pleading guilty.

*Id.* In this appeal, Ware asserts the following claims: (1) his plea counsel provided ineffective assistance in failing to investigate a motion to suppress evidence; (2) his plea counsel provided ineffective assistance in failing to investigate certain

matters; and (3) his plea counsel provided ineffective assistance in coercing Ware to plead guilty and/or in failing to challenge Ware's guilty plea as involuntary.

This court reviews Ware's claims de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (stating ineffective-assistance-of-counsel claims are reviewed de novo). To establish his claims of ineffective assistance of counsel, Ware must prove by a preponderance of the evidence that his counsel's performance was so deficient it constituted a breach of an essential duty and that the breach of an essential duty resulted in constitutional prejudice. *See id.* "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984); *accord State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal."). With respect to the first element, Ware must prove his counsel's performance fell below the standard of a reasonably competent attorney. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). In assessing counsel's performance, we presume counsel acted competently. *See State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999). With respect to prejudice, Ware must prove that but for counsel's breach of an essential duty he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985).

Ware's first claim is his counsel was ineffective in failing to investigate a motion to suppress evidence. Ware contends his counsel should have moved to suppress evidence obtained following the execution of a search warrant. Ware claims his counsel should have investigated the veracity of the officer preparing the warrant and other factual discrepancies in the warrant. Ware claims if his counsel would have investigated these issues, then a meritorious ground for

suppressing the warrant would have been developed, and then he would not have pleaded guilty. Ware's claim is factually and legally underdeveloped. Ware does not identify with any specificity the evidence that should have been suppressed. Ware does not explain how the unidentified evidence obtained by way of the warrant at issue was relevant to the three other charges to which he pleaded guilty. Ware does not identify the legal grounds upon which the evidence would have been suppressed. And Ware cites no legal authority in support of his contention any motion to suppress evidence would have been granted. This court is not obligated to construct counsel's arguments. *See State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . Judges are not like pigs, hunting for truffles buried in briefs."). Ware has not proved an entitlement to postconviction relief on this claim.

Ware's second claim is his trial counsel failed to investigate certain matters. For example, Ware contends his trial counsel failed to obtain police reports and other materials, failed to retrieve purported alibi evidence from a cell phone, and failed to conduct other discovery. Like his claim regarding the search warrant, Ware's claim is factually and legally underdeveloped. He ignores his own admissions of guilt. For example, he concedes he was arrested with one pound of marijuana in his possession. In light of Ware's repeated concessions of his guilt, Ware has not identified how the purported discovery and investigation would have aided his cases or caused him to proceed to trial rather than plead guilty. He also cites no legal authority in support of his contentions. This claim does not entitle Ware to any relief. *See Dunkel*, 927 F.2d at 956; *Stoen*, 596 N.W.2d at 507.

Finally, Ware claims his guilty plea was not voluntarily made. A court may accept a guilty plea if it "is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). To satisfy due process, the plea must be voluntary and intelligent. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998). Voluntariness requires an inquiry by the district court as to whether a defendant understands the nature of the offense and the legal consequences of the plea and was not compelled or otherwise coerced into making an involuntary plea. *See State v. Sisco*, 169 N.W.2d 542, 547 (Iowa 1969). A claim that a guilty plea was not actually knowing and voluntary relates to the defendant's subjective understanding of the plea proceeding. *See State v. Finney*, 834 N.W.2d 46, 58 (Iowa 2013). This requires the "court to delve into the accused's state of mind." *Id.* "If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty." *Straw*, 709 N.W.2d at 133.

Ware contends he was subjected to psychological coercion because the State was pursuing criminal charges against his wife and because the department of human services was threatening to remove (or had removed) his child from the care of his wife. According to Ware, he felt compelled to plead guilty because he wanted the State to dismiss the charges against his wife and return the child to the care of his wife. There is no credible evidence in the record showing the dismissal of the charges against Ware's wife and the outcome of the juvenile proceeding were contingent upon Ware's guilty plea. Further, any coercion or duress Ware allegedly suffered in this case was minimal because Ware testified the charges against his wife were wholly without merit and would have been dismissed in any

event. There was thus no reason for Ware to plead guilty merely to resolve the charges against his wife if the charges were going to be dismissed.

The record also reflects Ware had other reasons to plead guilty. Ware received significant charging concessions in exchange for his guilty plea. As originally charged, Ware had sentencing exposure of 410 years of incarceration. As a result of the plea agreement, the State agreed to dismiss certain charges, reducing Ware's sentencing exposure to 150 years of incarceration. Ware also received significant sentencing concessions in exchange for his guilty plea. The State agreed his sentences would be served concurrent to one another, reducing Ware's potential exposure to sixty-five years of incarceration. Further, the parties agreed the mandatory minimum sentence would be reduced by one-third due to Ware's acceptance of responsibility. This agreement was entered pursuant to Rule 2.10, which afforded the "defendant the opportunity to . . . withdraw defendant's plea" in the event the district court refused to be bound by the parties' agreement. The district court agreed to be bound by the plea agreement.

Finally, the plea and sentencing record belie Ware's current claim his plea was not voluntary. *See State v. Wise*, 708 N.W.2d 66, 71 (Iowa 2006) (concluding the defendant was not entitled to postconviction relief on claim of involuntariness where the claim was contrary to the plea record); *see also Coates v. State*, No. 16-0324, 2017 WL 1088103, at *2 (Iowa Ct. App. Mar. 22, 2017) (affirming denial of application for postconviction relief challenging voluntariness of plea where claim was contradicted by the record); *Adcock v. State*, No. 09-0657, 2010 WL 446513, at *1 (Iowa Ct. App. Feb. 10, 2010) (affirming summary disposition of voluntariness claim where claim was contrary to the record). At the beginning of the guilty plea

proceeding, defense counsel stated she had discussed the plea agreement with the defendant and he understood its terms. The district court asked Ware whether he was "satisfied and willing to proceed" with his plea counsel, to which the defendant replied, "Yes." The district court inquired about the voluntariness of the plea during the colloquy:

> THE COURT: Okay. Have any threats or promises been made to you to get you to plead guilty today? THE DEFENDANT: No, Your Honor.
> THE COURT: Are you pleading guilty today voluntarily and of your own free will? THE DEFENDANT: Yes, Your Honor.

At the conclusion of the colloquy, the following exchange occurred:

> THE COURT: Mr. Ware, I will allow you, in spite of everything you've just told me, to withdraw your guilty plea, reinstate your previous pleas of not guilty to these charges and have these matters go to trial. Do you still want to enter guilty pleas in these four cases at this time? THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are you doing so because you are, in fact, guilty of the four crimes that we just discussed? THE DEFENDANT: Yes, Your Honor.

Finally, at sentencing the district court asked the defendant if he "want[ed] to withdraw [his] guilty plea for any reason?" The defendant answered, "No, no, Your Honor." The defendant repeated on two additional occasions during the sentencing hearing that he did not wish to withdraw his guilty plea.

On de novo review, in light of the strong evidence of the defendant's guilt, the significant charging concessions obtained by the defendant, the significant sentencing concessions obtained by the defendant, and the defendant's repeated affirmations of the voluntary nature of his plea at the time of plea and sentencing, we cannot conclude the defendant proved his plea was not voluntary.

The district court did not err in denying Ware's application for postconviction relief.

**AFFIRMED.**