# IN THE COURT OF APPEALS OF IOWA

No. 21-1886
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AARON DAVID SECOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.


        A defendant appeals his convictions.  **AFFIRMED.**


        Allan M. Richards, Tama, for appellant.

        Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Aaron Secor appeals his convictions for assault with intent to inflict serious injury, in violation of Iowa Code section 708.1(1) and (2) (2021), and assault while displaying a dangerous weapon, in violation of Iowa Code section 708.1(2)(c) and (3). As recited in his appellate brief,

> Secor seeks to overturn the jury verdict because he did not fully understand the law and issues for a conviction. That the applicant seeks 'due process' in this matter for an opportunity to argue that this matter was outside his control and understanding, as to the nature of the offense. Failure to allow a hearing on the issues would constitute unusual punishment for Secor.

Secor did not make these claims at the district court level; therefore, he did not preserve error for our review.[1] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

And even if we were to consider error preserved on this issue, Secor's appellate brief lacks citations to relevant law and the record, instead leaving it to this court to divine his claims and the factual basis that may support them. As a result, even if error were preserved, we consider the claims waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999). Without citations to relevant law in the argument section of the appellate brief to clearly identify and develop Secor's claims on appeal, we cannot reach the merits. To do

---

[1] Contrary to Secor's assertions, his notice of appeal was insufficient to preserve error. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006). And we recognize that where an appellant claims his sentence is cruel and unusual punishment, our supreme court has held that such need not be raised in the district court. *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). But Secor is asking the court to set aside the verdicts, rather than the sentence, falling outside the narrow exception to error preservation carved by *Bruegger*.

so would require us to "speculate on the arguments [Secor] might have made and then search for legal authority and comb the record for facts to support such arguments," which we cannot do. *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); *see also Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (refusing to reach the merits of an appeal when doing so "would require us to assume a partisan role and undertake the appellant's research and advocacy"). We affirm.

**AFFIRMED.**