# IN THE COURT OF APPEALS OF IOWA

No. 16-2194
Filed May 2, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**WILLIAM POLTON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Angeline Wilson, District Associate Judge.

A defendant appeals his conviction for possession of marijuana. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

William Polton appeals his conviction for possession of marijuana. Polton claims his guilty plea was not voluntary and trial counsel was ineffective for allowing him to plead guilty without knowing the full consequences of the plea. We find Polton did not preserve the claim of an involuntary plea. We preserve Polton's claim of ineffective assistance of counsel for a potential post-conviction relief hearing.

## I. Background Facts and Proceedings

On July 28, 2016, Polton was being issued a trespass warning at a Hy-Vee in Cedar Rapids. Police found an active warrant for his arrest issued by the state of Colorado. Polton was arrested and transported to jail. Polton admitted he had marijuana in his pocket. Officers searched Polton and discovered marijuana in his pocket as well as an additional thirteen grams in a bag in his buttocks.

Polton was charged by trial information with possession of marijuana and, on November 28, he filed a written plea of guilty and waiver of rights. He requested immediate sentencing. The district court sentenced Polton to two days in jail and revoked his driving privileges for 180 days. Polton now appeals.

## II. Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id*. at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed

deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

## III. Error Preservation

Polton claims his guilty plea was involuntary as he was not informed his driving privileges would be revoked. The State claims Polton did not properly preserve the issue for appellate review as he did not file a motion in arrest of judgment. Polton claims he was not required to file the motion as he was not advised "that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal." *See* Iowa R. Crim. P. 2.8(2)(d). However, Polton signed a document giving up his right "to challenge or appeal any irregularities or errors in the taking of [his] guilty plea since such challenge must be ruled prior to sentencing by the filing of a Motion in Arrest of Judgment." We find Polton was sufficiently advised by the court and counsel of his need to file a motion in arrest of judgment in order to challenge his guilty plea. We find Polton did not preserve this issue for review.

## IV. Ineffective Assistance

Polton also claims trial counsel was ineffective for failing to advise him his driving privileges would be suspended for 180 days. We find the record before this court is not adequate to resolve this claim. Therefore, we affirm Polton's conviction but preserve his claim of ineffective assistance of counsel for possible postconviction-relief proceedings. *See State v. DeCamp*, 622 N.W.2d 290, 296

(Iowa 2001) ("Ineffective assistance of counsel claims presented on direct appeal are typically preserved for [postconviction-relief] proceedings to allow for a full development of the facts surrounding the conduct of counsel.").

**AFFIRMED.**