**IN THE COURT OF APPEALS OF IOWA**

No. 17-0519
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSIE MATHEWS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

A defendant appeals his conviction for first-degree robbery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Jessie Mathews appeals his conviction for first-degree robbery, in violation of Iowa Code sections 711.1 and 711.2 (2013). Mathews claims he received ineffective assistance of counsel and the district court abused its discretion by imposing consecutive sentences. We find the district court did not abuse its discretion and preserve Mathews's claim of ineffective assistance for postconviction proceedings. We affirm the district court.

## I. Background Facts and Proceedings

Mathews lived with his girlfriend, Monica Bray. On April 23, 2014, Mathews and two others left Bray's house. Bray asked where they were going. Mathews told her not to worry and that he was getting some money. Around 11:30 p.m., Mathews and the others entered a Burger King, held two employees at gun point, beat one of the employees, and stole $944. When Mathews returned to Bray's house, they began to argue. He called her ungrateful and threw money at her.

On April 28, Mathews assaulted Bray. Although she suffered no visible injuries she was taken to the hospital as she was pregnant. Bray's friend informed police Bray had information regarding the Burger King robbery. Bray was interviewed and told police Mathews admitted to the robbery. She also revealed details of the crime not released to the public.

Mathews was charged by trial information on November 24, 2015. Trial began February 21, 2017. Bray testified against Mathews at trial. Prior to her testimony, defense counsel read a statement into the record noting the State agreed not to file charges against Bray in relation to the Burger King robbery or another robbery, referred to as the Craigslist robbery, if she agreed to testify. Trial

counsel stated he wished to make a complete record if he needed to impeach Bray's testimony.

Testimony showed Bray would not be charged with no-contact order violations, any criminal conduct arising from the Burger King robbery, and another incident involving Mathews. During cross-examination defense counsel asked a series of questions about the charges the State had agreed not to file. During the course of the questioning defense counsel made statements implying Mathews was involved in the Craigslist robbery.

Mathews was found guilty February 27. On March 27, the district court sentenced Mathews to twenty five years in prison to be served consecutively to other convictions in Black Hawk County, Iowa, and Lake County, Indiana. Mathews now appeals.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on

untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

## III. Ineffective Assistance of Counsel

Mathews claims trial counsel was ineffective for raising the issue of the Craigslist robbery and for failing to object to statements by the prosecution regarding his participation in the Craigslist robbery. We find the record is inadequate to resolve this claim and preserve it for possible postconviction-relief proceedings. *See State v. DeCamp*, 622 N.W.2d 290, 296 (Iowa 2001) ("Ineffective assistance of counsel claims presented on direct appeal are typically preserved for [postconviction-relief] proceedings to allow for a full development of the facts surrounding the conduct of counsel.").

## IV. Sentencing

Mathews claims the district court abused its discretion by imposing consecutive sentences. Mathews claims the district court should not have considered crimes for which he had not been convicted prior to the Burger King robbery and should have taken his age into consideration.

The district court stated

> Mr. Mathews has a history of committing violent offenses . . . They've all occurred fairly recently. The nature and circumstances of this particular offense . . . was planned. It was executed quickly. It was violent. And there were firearms involved.
> Based upon the nature and circumstances of this crime and the defendant's criminal history, this sentence will run consecutively to his existing sentence for robbery-second in the state of Iowa. It will also run consecutively to the existing sentence from the state of Indiana.

Mathews claims the district court should not have been allowed to rely on other offenses he had not been convicted of prior to committing the Burger King

robbery, but convicted of at the time of his sentence in the Burger King robbery. Mathews urges us to adopt a rule similar to the habitual-offender doctrine which requires other offenses be complete, including a conviction, before they may be used to enhance the sentence or penalty. He contends such a rule would allow for at least an attempt at rehabilitation and an opportunity to learn from his mistakes before the other acts could be used to increase the punishment. Mathews also claims his young age, twenty years old, should have been considered.

Mathews's continuing pattern of criminal behavior indicates a propensity for violence and lawlessness. A pattern of criminal behavior is an acceptable consideration for sentencing. We decline to establish a new rule mirroring the habitual-offender enhancements. Additionally, the district court need not specifically state every possible sentencing factor. It is required to provide a statement on the record of its reasons for imposing a particular sentence. Iowa R. Crim. P. 2.23(3)(d). The statement may be short and succinct as long as it allows review by an appellate court. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). We find the district court's statement listed specific and permissible considerations adequate to justify the sentence imposed. We therefore find no abuse of discretion.

**AFFIRMED.**